**BALLIETT, Estate of, In Re**

Ohio Appeals, 5th Dist, Richland Co

No 453.   Decided Sept 20, 1934

42

W. H. Lutz, Mansfield, attorney.
Weldon & Huston, Mansfield, opposing counsel.

## OPINION

By LEMERT, J.

Upon an examination of the record submitted to us, we find that there is no evidence that said amounts above stated were. exorbitant, unnecessary or improper, and upon the evidence submitted, the Court of Common Pleas found in favor of the widow, Elizabeth Balliett, and an entry filed September 10, 1934, set the widow's year's allowance in the sum of $1200.00, just as the Probate Court had found on the hearing before hand, and the Common Pleas Court found for Elizabeth Balliett in the sum of $2,221.97 to which finding the executor excepted and the matter is brought to this court for further determination.

The rights of the widow in this litigation are provided for in §10509-54 GC and as to her year's allowance are provided for by §10509-74 GC and the right of the appraisors to make her a necessary allowance is. provided for by §10509-77 GC.

There is no fast rule which can be given to fix the amount which should be set apart to the widow and children for the year's allowance. The amount allowed should be in such sum as will maintain them in the same condition that they enjoyed during the life time of the husband. If there are no creditors whose rights will be affected, it should be large in amount, but if the. estate is insolvent, then the amount allowed should only be such as will give the wife and children a year's maintenance, taking into consideration the manner in which they have heretofore lived.

Considering the facts of this particular case, this estate is not insolvent and the allowance should be made in such sum and with such liberality to allow the widow, Elizabeth Balliett, to maintain herself in the same circumstances that she enjoyed during the lifetime of the testator.

It must be admitted that the interest or fraction thereto to which the widow is entitled through her husband's estate is decided by law and the widow having elected to take under the law, the gross amount which she will receive will be determined upon the final distribution of the estate on the basis of her allowance and the net estate remain-

ing in the hands of the executor after the payment of all debts and charges.

It is impossible for the Probate Court or for any other court to determine the distributive share of the widow, Elizabeth Balliett, at the present time: This distributive share of the widow must be based on §10503-4 GC as construed by §10504-55 GC.

The judgment of the Common Pleas Court is affirmed. There was evidence to support the increased allowance made to the widow by the Probate Court and he had authority for making the increase.

The allowance by the Probate Court of an additional twenty percent was authorized by §10509-54 GC. The effect of his order is to allow this amount as a claim having precedence over unsecured claims.

If, after paying costs and secured claims, the payment of the widow would make her allowance exceed fifty percent of the estate, then the executor simply would not pay her the excess of the allowance over the fifty percent.

Judgment affirmed.

Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.